IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60049
Summary Calendar
_____

MACK BROWN,

                                        Petitioner-Appellant,

versus

JAMES V. ANDERSON, SUPERINTENDENT;
MISSISSIPPI STATE PENITENTIARY,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:93-CV-100-SA
- - - - - - - - - -
December 26, 1997
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Mack Brown, Mississippi prisoner # 62926, appeals the
district court's judgment denying habeas corpus relief pursuant
to 28 U.S.C. § 2254. Brown argues that he was deprived of
effective assistance of counsel in several respects, the State
withheld exculpatory and impeachment evidence in violation of the
Due Process Clause, and he was deprived of his fundamental right
to testify at trial on his own behalf. We have reviewed the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

issues raised by Brown and conclude that he has not demonstrated that counsel's performance was deficient at trial or on appeal and that he was prejudiced.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  Relevant to his claim that the State withheld statements of witnesses, Brown has not established that the statements contained exculpatory or impeachment evidence. See Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S. 150, 154 (1972).  Moreover, the record indicates that Brown at least acquiesced to a decision that he not testify. See Jordan v. Hargett, 34 F.3d 310, 312 (5th Cir. 1994).  The judgment of the district court is AFFIRMED.

Because Brown filed his habeas petition before April 24, 1996, we have construed the district court's grant of a certificate of appealability (COA) as a grant of a certificate of probable cause (CPC).  See Lindh v. Murphy, 117 S. Ct. 2059 (1997).  Accordingly, we have addressed all of the issues Brown sought to raise in the district court.  See Sherman v. Scott, 62 F.3d 136, 138-39 (5th Cir. 1995), cert. denied, 116 S. Ct. 816 (1996).  Therefore, the motion to file an out-of-time reply brief is DENIED as unnecessary.